UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| $45,129.00 IN U.S. CURRENCY, | § | |
| Defendant in rem | § | |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

United States of America, Plaintiff, files this action for forfeiture against approximately $45,129.00, Defendant in rem, and alleges the following statements.

*Nature of the Action*

1. This is an action to forfeit property to the United States pursuant to 31 U.S.C. §5317(c)(2).

*Defendant in Rem*

2. Defendant in rem is approximately $45,129.00 in United States currency that were seized from James Van Way and Ambarwati Oktari on May 27, 2011, at the George Bush Intercontinental Airport in Houston, Texas.

*Jurisdiction and Venue*

3. This Court has jurisdiction under 28 U.S.C. §1355 because this is an action for forfeiture.

4. Venue is proper in this Court under 28 U.S.C. §§ 1355 and 1395(a) and (b) because:

> a. the acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas,
>
> b. the property was found in the Southern District of Texas, and
>
> c. this forfeiture action accrued in the Southern District of Texas.

*Basis for Forfeiture*

5. The Defendant in rem is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2) which provides that any property involved in violations of 31 U.S.C. §§ 5316 and 5324(c) may be forfeited to the United States. These statutes state that:

> 1) a person shall file a report when the person knowingly transports, is about to transport, or has transported a monetary instrument of more than $10,000 out of the United States. 31 U.S.C. § 5316(a)(1)(A);
>
> 2) no person shall, for the purpose of evading the reporting requirements of 31 U.S.C. § 5316, fail to file a report required by 31 U.S.C. § 5316. 31 U.S.C. § 5324(c)(1);
>
> 3) no person shall, for the purpose of evading the reporting requirements of 31 U.S.C. § 5316, file a report required by 31 U.S.C. § 5316 that contains a material omission or misstatement of fact. 31

U.S.C. § 5324(c)(2).

*Facts*

6. On May 27, 2011, passengers James Van Way, husband, and Ambarwati

Oktari, wife, were about to leave the United States aboard an Emirates airlines

flight 212 to Dubai, United Arab Emirates.  In the jetway for this flight, a United

States Customs and Border Protection Officer (CBP Officer) conducted a Customs

outbound inspection.  CBP Officer Luis Cabral asked them if they were traveling

with more than $10,000 in any monetary instruments for themselves or anyone

else in which they responded they only had $8,000 in total currency and monetary

instruments. CBP Officer Cabral then explained to Mr. Van Way and Mrs. Oktari

the requirement under 31 U.S.C. § 5316 and the need to report accurate currency

amount to CBP.  Officer Cabral then asked Mr. Van Way and Mrs. Oktari to verify

if the amount of $8,000 written on CBP Form 503 was correct and if so, to sign the

form. Mr. Van Way signed the form stating he had $8,000. Mrs. Oktari signed the

form stating she had $0. They were then directed toward the inspection table for

baggage exam and currency verification.

7. At the inspection table, CBP Officer Charlesworth Clarke instructed Mr.

Van Way and Mrs. Oktari to place all of the currency they were traveling with on

the inspection table for verification. Mr. Van Way pulled out a bundle of cash

from the front pocket of his pants and some more cash from his wallet totaling

$13,499 and placed them on the inspection table. Upon further inspection, CBP

Officers Augustin Hernandez and Danielle Hodge discovered an additional

$31,630 from Mrs. Oktari's purse, found inside the carry on bag.  In total James

Van Way, husband, and  Ambarwati Oktari, wife, were attempting to take

$45,129.00 out of the United States without declaring that amount.  CBP officers

seized the funds for forfeiture.

*Relief Requested*

8. Plaintiff requests (a) an arrest warrant and summons pursuant to Rule G,

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

Actions, (b) a judgment of forfeiture, and (c) costs and other relief to which the

Plaintiff may be entitled.

Date July 18, 2011.

Respectfully submitted,

José Angel Moreno
United States Attorney

By: /s/ Albert Ratliff
Albert Ratliff
Attorney-in-Charge
NY Bar No. 1073907
SDTX Bar No. 6764
Assistant United States Attorney
United States Attorney's Office
P. O. Box 61129

Houston, Texas  77208
E-mail: albert.ratliff@usdoj.gov
Office: (713) 567-9579
Fax: (713) 718-3300

*Verification*

I, Minh Quoc Tran, Special Agent, United States Homeland Security

Investigations, declare under penalty of perjury as provided by 28 U.S.C. §1746

that I have read this Verified Complaint for Forfeiture in Rem, and the facts stated

in this complaint are true and correct to the best of my knowledge and belief.

Executed on July 18, 2011.

_____
Minh Quoc Tran, Special Agent
United States Homeland Security Investigations